Marvin, J.
The relator was a member of the fire department of the city of Cleveland. The defendant was the director of fire service-of said city. '
On the 29th day of September, 1890, charges and specifications were preferred against the relator, and on the nth of’ ■January, 1901, a hearing was had upon such charges -and’, specifications, before a tribunal consisting, of the mayor of the: *214 •city of Cleveland, the director of law of said city, and the president of the city council. The result of such hearing was the finding, concurred in by two members of the tribunal, to-wit, the mayor and director of law found the relator guilty, and on the 18th day of January, 1901, he was dismissed from the fire department of the city. His petition in this case seeks to have an order made that he be restored to his former position in the department.
The question as to the finding by a majority of the board, which is raised in this case, is, found against the relator and is discussed in the opinion delivered in this court at this term in the case of The State of Ohio ex rel. Klaue v. Barrett, Director of Police, ante, 22 O. C. C. 104.
No question is made here that the charges are not sufficiently specific.
The rules which, it is said, were violated, are No. 15 and No. 23 respectively. On the hearing of this case we decided that we could not go into the evidence as to the facts concerning the charges and specifications, nor could we take any evidence concerning the proceeding before the board. Having ■disposed of the question as to the finding of a majority of the tribunal being sufficient, there remains this question made by the relator, to-wit, are the, rules the violation of which was charged against the relator valid?
It is said that the rules for the government of the fire department are invalid, for that they have never been adopted as provided by law, and ihat, therefore, neither rule 15 or rule 23, which the relator was charged with violating, is of any force or effecc.
Section 1545-51, Revised Statutes, provides that:
' “The officers and members of the fire force shall be appointed by the director of fire service, subject to the provisions of section 1545-6 of this act, but from and after the passage of this act no such appointment or any promotion in said force shall be lawful, except in cases of emergency, unless made under and in pursuance of rules and regulations providing for the ascertaining of the comparative fitness of all applicants for appointment or promotion by a systematic, open and competitive examination of such applicants, which rules and regu *215 lations it shall be the duty of the mayor and the head, of the department to make and submit to the council, and when approved by the council they shall be promulgated and enforced -as permanent rules,” etc.
It is conceded that the rules offered in evidence in this case (including rule 15 and rule 23), were adopted in pursuance of this provision of the statute; but the argument was made in behalf of the relator that the section of the statute herein-before quoted, does not authorize the making of rules by the mayor and head of the department which, when approved by •the council, are to be the permanent rules of the department upon any other subject than that of appointments and pro■motions in the department, and, hence, that the rules which have been so made, approved and promulgated, are of no •force except in so far as they provided for. the appointment ■ and promotion of members of the department.
Attention is called by counsel for the relator to section :I545"52, Revised Statutes, which provides that:
“Except as herein otherwise provided, the powers and duties heretofore vested in the board of fire commissioners in such cities are hereby vested in the director of fire service, and all provisions of law pertaining to the fire department as heretofore constituted shall apply to the department of fire and be ^administered by the director thereof.”
We are then referred to section 2464. Revised Statutes, ■which provides that:
“The board of fire commissioners shall prescribe the duties ■of all officers and members of the fire department.”
From these two sections it is urged that all rules as to the -duties of the officers of the department must be prescribed '.by the director of fire alone. We think the contention as to •the scope of section 1545-51 is too narrow and that the section ■contemplates that general rules for the government of the ■department shall be fixed as herein provided. The fact that .-the section expressly provides that appointments and promotions shall only be made in pursuance of rules to be adopted as provided in that section seems to contemplate that the rules for the general government of the department are to be thus provided and that such general rules shall include the rules *216 for appointment and promotion. If, however, this is not the-case, these rules under consideration were promulgated by the head of the department, and the fact that the mayor joined with him in fixing these rules, cannot take away the force of the rules which it was the duty of the head of the department to fix and promulgate. Whichever view, then,-of the matter be taken, we think the contention of the relator is unsound.
Noile & "Hardy, for Plaintiff.
Hogsett, Beacom, Excell, Gage & Gamy, for Defendant.
It is further urged on behalf of the relator that the rules are so unreasonable, that the court should hold them to be null, and void.
Rule 15 provides that an officer of the department shall “not sell or assign his salary or incur or contract any debts or liabilities which he is unable or. willing to pay, or neglect or refuse co honorably discharge and promptly pay all indebtedness, - claims and judgments and satisfy all executions that may be held or issued against him';,” etc.
That a strict enforcement of this rule might work great hardship in some cases may be conceded, and, yet we are not prepared to say that the rule is an unreasonable one. If members of the department may constantly contract debts without paying them, discredit is likely to come to the department, and' the head of the department may be subject to constant annoy- . anee by creditors of those in his department. If one undertakes service in the department, certain important advantages, come to him, and it is not unreasonable that he should be required to look after his debts with greater promptness than: one not in the public service.
Rule 23 provides that a member of the department shall1 “not be guilty of conduct unbecoming an officer or a gentleman,, or of conduct in any manner prejudicial to the good reputation,., order or discipline of the department.” That this rule is entirely reasonable, can hardly be doubted.
If the allegations of the petition in this case are true, the-relator has suffered great hardship at the hands of the defendant, but, as we can not inquire into the facts upon which the charges were based, nor into the manner in which the-trial was had, we are brought to the conclusion that the petition must be dismissed at the costs of the relátor.

Note - Harry T. Payer, Ass’t. Corporation Counsel, for Defendant in Error: Rules — R. 3. 1545-25, provides that “The heads of the several Departments may prescribe rules and regulations not inconsistent with law for the government of their respective Departments, the conduct of their officers and employes.” By virtue of the statute there quoted the Director of Fire had the right to enunciate the rules that are now operative and under a construction of which the relator was removed. No formal promulgation is required by the statute although a formal promulgation of these rules was made. Every fireman before he is installed as fireman takes oath to abide by the rules and regulations of the Department.
The force and effect of a proceeding in bankruptcy — The only effect of such proceeding is to suspend the right of enforcing claims as between merely private parties. This proceeding in mandamus, however, is something more, than a mere effort to assert a right to something but is an effort to gat the relator placed somewhere. If is, m other words, an attempt to establish the status of a fireman and that too after the Department has become adjusted upon his absence. The bankruptcy act was never intended to be so extensive in its application as to interfere with the establishment of the status of a fireman and perhaps destroy or impair the efficiency of the Fire Department by making him when he has filed an application in bankruptcy immune to the application of a rule for a department that the fireman shall not incur debts and obligations that he cannot pay, said rule being based upon the theory that such acts might or do bring disgrace upon the Department.
Number of persons necessary to act and determine to constitute a finding or determination — In determining what number of a board or quasi judicial tribunal may make a finding, it is necessary First, to distinguish between boards that, are created for private purposes for the execution of private objects, and boards that are public in their nature and exist by virtue of statute for the execution of public power.